UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE. NO.   25-20416-CR-MARTINEZ

UNITED STATES OF AMERICA

vs.

RAFAEL ALBERTO VARGAS GONZALEZ et. al.,

Defendants.
_____/

GOVERNMENT'S 1st RESPONSE TO
THE STANDING DISCOVERY ORDER

The United States hereby files this 1st response to the Standing Discovery Order.   This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.   Since the arrest of the first defendant in this case, the Government has communicated with all listed defense counsel – via email - regarding discovery.   The discovery in this case is voluminous.   For the 1st discovery production, the Government has requested delivery of a 1TB storage device to copy and provide discovery.

A.  1.   The first discovery production includes various grand jury and financial records, MLAT results, state wiretap records, search and seizure warrant records, forensic cell phone and computer analysis, phone records, various federal and state law enforcement reports, surveillance items and photographs, and drug seizure materials, among other items, associated with this case.   This production is subject to the Court's discovery protective order (DE 54).

2.   Written records and/or recordings containing the substance of oral statements made by any of the defendants before or after arrest in response to interrogation by a person then known to the defendant to be a Government agent are attached.

3.   No defendant testified before the Grand Jury.

4.   The NCIC records of the defendants are attached.

5.   Aside from the items described in A.1, books, papers, documents, photographs, tangible objects, buildings or places which the Government intends to use as evidence at trial to prove its case-in-chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient

time at the Office of the United States Attorney, HIDTA, 11200 NW 20th Street, Suite 101, Miami, FL 33172. Please contact the undersigned via email to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the Government may intend to introduce at trial.

6.      Other than as set forth below, and as contained within the items described in A.1, the undersigned is not aware of any other completed or pending physical or mental examinations or scientific tests or experiments made in connection with this case.

B.      DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.   This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.      The Government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.      The Government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective Government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.      Prior conviction records of any alleged co-conspirator(s), accomplice(s) or informant(s) who will testify for the Government are attached and/or will be provided as required.

F.      To the extent that any defendant was identified in a lineup, show up, photo array or similar identification proceedings, this information is attached.

G.      The Government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The Government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of any other evidence pursuant to FRE 404(b).   You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under FRE 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.      At least one defendant is an aggrieved person, as defined in Title 18, United

States Code, Section 2510(11), of State of North Carolina electronic surveillance with regards to this case.   These applicable materials are attached.

J.  The Government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the Government at the trial of this cause.

K.  In addition to those lab reports attached, all other alleged contraband which is the subject of this indictment, which would necessitate independent chemical analysis, are pending final analysis.   These pending reports will be provided upon receipt.   Please contact the undersigned if any defendant believes any of this alleged contraband, would necessitate additional, independent chemical analysis.

L.  The Government is not aware any automobile, vessel, or aircraft allegedly used in the commission of the charged offenses that is currently in the Government's possession.

M.  The Government is currently not aware of any latent fingerprints or palm prints which have been identified by a Government expert as those of the defendants.

N.  To date, the Government has not received a request for disclosure of the subject-matter of expert testimony that the Government reasonably expects to offer at trial.   At trial, the Government expects to offer expert testimony regarding forensic cellphone and computer analysis and drug quantity, purity, and identification regarding contraband which is pertinent to this indictment, including expert testimony regarding the manner and means of the money laundering at issue in this case.   Any expert report(s) and CV(s) – not already included in this production - will be provided upon receipt.

O.  The Government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial, including but not limited to, that the nature and weight of seized contraband/narcotics. These stipulations will be discussed at any discovery conference.

P.  At any discovery conference scheduled in Section A.5, above, the Government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

3

The Government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

Please contact the undersigned Assistant United States Attorney with any questions and/or if any items/attachments are missing.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:      *s/ Kevin D. Gerarde*
KEVIN D. GERARDE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 113844
U.S. Attorney's Office
11200 NW 20th Street, Suite 101
Miami, FL 33172
Tel: (305) 715-7648
Fax: (305) 715-7639
Kevin.Gerarde@usdoj.gov